UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY E. CASTRO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF CLOVIS; et al.,<br><br>　　　　Defendants. | No. 1:19-cv-00821-DAD-SKO<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(Doc. Nos. 8, 9) |

This matter is before the court on the motions to dismiss filed on behalf of defendant City of Clovis (the "City") and defendants Clovis Unified School District ("CUSD"), Andrew Bolls, and Stephanie Hanks (collectively, the "CSUD defendants"). (Doc. Nos. 8, 9.) A hearing on the motions was held on October 1, 2019. Plaintiff Andy E. Castro appeared *pro se*, attorney Gregory Myers appeared telephonically on behalf of the City of Clovis, and attorney Ryan Porte appeared on behalf of defendants CUSD, Bolls, and Hanks. The court has considered the parties' briefing and heard from the parties, and for the reasons set forth below, will grant the City's motion in its entirety and grant the CUSD defendants' motion in part.

**BACKGROUND**

On June 13, 2019, plaintiff filed this action, alleging violations of his rights to free speech and due process. (Doc. No. 1 ("Compl.").) According to the complaint, plaintiff is a former

1

Clovis High School student who recently turned 18 and finished high school. (*Id.* at ¶ 8.) Plaintiff was scheduled to attend his graduation ceremony on May 30, 2019, when his school "revok[ed] his VIP sitting privilege in the graduation ceremony, remov[ed] him off the school premises, and enjoin[ed] him from participating in his long-awaited graduation ceremony that was by then only 3 hours away," allegedly as punishment for a tweet that he had posted on Twitter. (*Id.*) In that tweet, sent to a Nigerian friend on an unidentified date before his graduation, plaintiff used the words "nigga" and "nigger," apparently with his friend's consent and as a form of "intercultural communication." (*Id.*). Another Twitter user saw the tweet and reported it to the school, which, in addition to barring plaintiff from attending his graduation, "order[ed] him to delete the alleged offensive message from his [T]witter account[.]" (*Id.*)

Based on these allegations, plaintiff asserts four causes of action seeking general and punitive damages: (1) violation of his First Amendment right to free speech; (2) violation of his Fifth Amendment right to due process; (3) violation of his right to free speech under Article I, § 2 of the California Constitution; and (4) violation of his right to free speech under California Education Code § 48950(a). (Doc. No. 1.) Construing the complaint "liberally because it was drafted by a pro se plaintiff," *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004), the court observes that plaintiff appears to have brought his federal constitutional claims pursuant to 42 U.S.C. § 1983. (*Id.* at 1.)

On July 15, 2019, the City filed a Rule 12(b)(6) motion to dismiss on the basis that plaintiff did not plead a single substantive allegation against it. (Doc. No. 8-1 at 2.) Plaintiff filed his opposition to the motion on August 6, 2019, and requested leave to amend to add the State of California as a defendant. (Doc. No. 15.) The City filed its reply on August 8, 2019. (Doc. No. 16.)

Separately, defendants CUSD, Bolls, and Hanks moved to dismiss on July 16, 2019, for failure to state a claim and for failure to comply with California's Government Claims Act ("CGCA")). (Doc. No. 9.) Plaintiff filed his opposition to that motion September 3, 2019, and CUSD, Hanks, and Bolls replied on September 9, 2019. (Doc. Nos. 17, 19.)

/////

# LEGAL STANDARDS

## A. Motion to Dismiss

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

/////
/////
/////

**LEGAL ANALYSIS**

**A.     The City's Motion to Dismiss**

The City argues that it should be dismissed from this case because "[t]here is not a single substantive allegation or reference to the City throughout the complaint."[1] It notes:

> [a]ll allegations in the Complaint are asserted against the Clovis Unified School District ("CUSD") or Clovis High School, where the Plaintiff was allegedly a student. The City and CUSD are separate entities and "City" has no authority, control or involvement in the operations of CUSD or Clovis High School and CUSD are completely separate, and there are no allegations to the contrary within the Complaint.

(Doc. No. 8-1 at 2.)

Other than asserting that Clovis is a city located in Fresno County, the complaint does not allege that the City itself engaged in any conduct that violated plaintiff's rights and does not explain how or why the City is responsible for plaintiff not being allowed to attend his high school graduation. (Compl. at ¶ 4.) Although plaintiff argued in his opposition to the pending motion to dismiss that the City is liable because defendants Bolls and Hanks are "[e]mployees of City of Clovis and/or Clovis Unified School District" and "CUSD is . . . partially funded by City of Clovis tax money," the City flatly denies that Hanks and Bolls are its employees and that it funds CUSD with its tax dollars. (Doc. Nos. 15 at 2; 16 at 2.) After the court questioned plaintiff at the hearing on the pending motion, plaintiff conceded that he could not allege any facts to support his claim that the City employs Bolls and Hanks and funds CUSD with tax revenue or any other facts that would support his suit against the City. Hr'g Tr. at 4:16–22, *Castro v. City of Clovis, et al.*, No. 1:19-cv-00821-DAD-SKO (E.D. Cal. Oct. 1, 2019). Accordingly, the City will be dismissed from this action with prejudice.

**B.     The CUSD Defendants' Motion to Dismiss**

The CUSD defendants contend that plaintiff's action should be dismissed because: (1) plaintiff failed to allege compliance with California's Government Claims Act ("CGCA"); and (2) the right to free speech does not protect obscene speech. (Doc. No. 10.) Defendants also

---

[1] Aside from the allegation that the City "is an incorporated city in the County of Fresno." (Compl. at ¶ 4.)

argue that plaintiff failed to state a claim for a violation of due process because he did not allege "sufficient facts to allege a cognizable legal theory." (*Id.* at 6.)

    1.    <u>The CGCA Bars Plaintiff's State Law Claims But Does Not Apply to § 1983 Claims</u>

Under the CGCA, "no suit for money or damages may be brought against a public entity . . . until a written claim therefor has been presented to the public entity[.]" Cal. Gov. Code § 945.4; *see also State of California v. Superior Court*, 32 Cal. 4th 1234, 1239 (2004) ("[F]ailure to timely present a claim for money or damages" or "to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action."). "A suit for 'money or damages' includes all actions where the plaintiff is seeking monetary relief, regardless whether the action is founded in 'tort, contract or some other theory.'" *Hart v. Alameda Cty.*, 76 Cal. App. 4th 766, 778 (1999) (citation omitted); *see also City of Stockton v. Superior Court*, 42 Cal. 4th 730, 738 (2007). This is true "whenever the primary purpose of a lawsuit is damages, even where that claim also requests some non-pecuniary relief." *Synergy Project Mgmt., Inc. v. City & Cty. of San Francisco*, No. 17-cv-06763-JST, 2018 WL 2234596, at *6 (N.D. Cal. May 16, 2018) (citing *Hart*, 76 Cal. App. 4th at 782).

Here, plaintiff has requested mainly money damages—$5,000,000 in general damages and $5,000,000 in punitive damages, as well as attorney's fees and costs. (Compl. at 6.) Accordingly, plaintiff's state law claims are subject to the CGCA. But plaintiff has alleged no facts indicating compliance with or excusal of the CGCA's claim presentation requirement. (Doc. No. 8–1 at 3–4.) Plaintiff's third and fourth causes of action, which are brought under state law for money damages, are thus barred by the CGCA and will be dismissed. Plaintiff will, however, be granted leave to amend in order to comply with the CGCA.

The claims presentation requirement, however, does not apply to all of plaintiff's causes of action. *See, e.g.*, Cal. Gov. Code § 905 (listing exceptions to the claim presentation requirement). Civil rights claims brought under 42 U.S.C. § 1983 are also exempt from CGCA requirements. *See Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) (holding that "state notice of

claim statutes have no applicability to § 1983 actions") (citation omitted). Thus, plaintiff's First and Fifth Amendment claims, which appear to be brought pursuant to § 1983, are exempt from the CGCA's requirements.

2. Plaintiff's Tweets Are Not "Obscene" Speech

Defendants argue that plaintiff's free speech claims must fail because the terms "nigga" and "nigger" are obscene and therefore not protected speech. (Doc. No. 10 at 5–8.) It is true that courts "have long held that obscene speech—sexually explicit material that violates fundamental notions of decency—is not protected by the First Amendment." *United States v. Williams,* 553 U.S. 285, 288 (2008). However, as plaintiff points out, the terms "nigga" and "nigger," while offensive to many, are facially not sexually explicit and, thus, cannot be considered obscene under the framework set forth by the U.S. Supreme Court. *See id.* Thus, defendants' motion to dismiss on the basis that plaintiff's tweets are obscene speech not protected by the First Amendment will be denied.

3. The Fifth Amendment's Due Process Clause Does Not Apply to Local Governments

Plaintiff alleges that defendants deprived him of his Fifth Amendment right to due process "without any right to be heard administratively or judicially[.]" (Compl. at ¶ 15.) However, the Fifth Amendment's due process clause only applies to the federal government.[2] *See Bingue v. Prunchak,* 512 F.3d 1169, 1174 (9th Cir. 2008) (holding that Fifth Amendment claims against local governments are "plainly foreclosed by the Constitution" because "the Fifth Amendment's due process clause only applies to the federal government"). Because defendants CUSD, Bolls, and Hanks are local government entities, or employees thereof, the Fifth Amendment cannot be invoked against them. Accordingly, plaintiff's second cause of action brought under the Fifth Amendment will be dismissed with prejudice.

---

[2] The Fourteenth Amendment's Due Process Clause, however, does apply to the States. U.S. CONST. amend. XIV, § 1 ("No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.").

6

4. <u>Plaintiff Cannot Recover Punitive Damages</u>

The CUSD defendants contend that, under California law, plaintiff cannot recover punitive damages against public entities such as CUSD. *See* Cal. Gov. Code § 818 ("Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant."). Defendants also argue that punitive damages are not available against defendants Bolls and Hanks because the complaint is "completely devoid of any facts" showing that they "acted with fraud, oppression, or malice." (Doc. No. 10 at 9).

The Supreme Court has held that "the immunity of a municipal corporation from punitive damages at common law [is] not open to serious question" and that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259, 271 (1981). Moreover, punitive damages are appropriate against defendants in their individual capacities only when a plaintiff has established that they are guilty "of fraud, oppression, or malice." *See* Cal. Civ. Code § 3294(a); *Cruz v. HomeBase*, 83 Cal. App. 4th 160, 167 (2000) ("Punitive damages are awarded only where there is malice, oppression, or fraud, defined . . . to mean intent to injure or willful and conscious disregard of others' rights."); *Cisneros v. Instant Capital Funding Grp., Inc.*, 263 F.R.D. 595, 611 (E.D. Cal. 2009) ("Allegations that the acts . . . were 'arbitrary, capricious, fraudulent, wrongful and unlawful,' like other adjectival descriptions of such proceedings, constitute mere conclusions of law" and are insufficient to support a claim for punitive damages because "such allegations do not charge malice" (citations omitted)) (collecting cases).

Here, plaintiff has cited no authority to support his request for the award of punitive damages against CUSD. He has also not alleged maliciousness, oppression, or outrageousness— or any facts that would support such claims—against defendants Bolls and Hanks. Moreover, plaintiff has not responded to any of defendants' arguments about his claim for punitive damages, effectively conceding them. *See Contreras v. Esper*, No. 2:14-cv-01282-KJM-KJN, 2018 WL 1503678, at *3 (E.D. Cal. Mar. 27, 2018) (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010) ("A plaintiff who makes a claim . . . in his complaint, but fails to raise

the issue in response to a defendant's motion to dismiss . . . has effectively abandoned his claim . . . .") and *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1205 (N.D. Cal. 2014) (collecting cases and finding that abandonment of a claim warrants dismissal without leave to amend or with prejudice)). Therefore, plaintiff's claims for punitive damages will be dismissed with prejudice.

**C.   Leave to Amend**

In his opposition to the City's motion to dismiss, plaintiff requested that the court grant him leave to amend and to add the State of California as a defendant.[3] In reviewing his request, a more liberal standard applies:

> In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt. A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment. Moreover, before dismissing a pro se civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies. Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.

*Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623–24 (9th Cir. 1988) (internal quotations and citations omitted). "However, 'a liberal interpretation of a [pro se] civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), *as amended* (Oct. 9, 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

After considering defendants' motions to dismiss, the only cognizable claim left in the complaint is the First Amendment free speech claim against defendants CUSD, Bolls, and Hanks. However, it appears that plaintiff may be able to allege sufficient facts to resuscitate at least some of his other claims. Accordingly, plaintiff will be granted leave to amend so that he can attempt to cure the deficiencies identified by the court above. However, plaintiff is not required to amend his complaint; he may choose to proceed solely on his First Amendment claim against CUSD, Bolls, and Hanks.

---

[3]  The State of California was referenced once in plaintiff's complaint in its introductory sentence, but the State was not included as a defendant on the Civil Docket Sheet and thus was not summoned as part of this action. (*See* Compl.; Doc. No. 1-1.)

If, however, plaintiff choses to amend his complaint, he must carefully follow the court's instructions. To adequately plead state law claims that contain a request for money damages against a government entity in California, plaintiff must comply with the CGCA's claim presentation requirements, which are set forth in California Government Code § 910 *et seq*. To state a due process claim against a state or local government, plaintiff must allege a violation of the Fourteenth Amendment. If such a claim is brought pursuant to § 1983, a plaintiff must allege in clear and specific terms how each defendant is involved in the conduct that deprived plaintiff of his constitutional rights because:

> There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

*Michoff v. El Dorado Cty.*, No. 2:17-cv-02584 CKD P, 2018 WL 2441583, at *3 (E.D. Cal. May 31, 2018). Moreover:

> Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

*Michoff*, 2018 WL 2441583, at *3. The court also reiterates its suggestion that plaintiff attempt to retain counsel if he wishes to pursue this action.

Finally, the court turns to plaintiff's request to add the State of California as a defendant. Although the State was mistakenly left off the docket, plaintiff admitted at the hearing on the pending motion that he could provide no justification as to why the State should be added as a party to this case. Hr'g Tr. at 4:7–9, *Castro v. City of Clovis, et al.*, No. 1:19-cv-00821-DAD-SKO (E.D. Cal. Oct. 1, 2019). Even if the State had been named in this action, the complaint

does not contain any factual allegations indicating that it is liable for the alleged conduct that is the basis of plaintiff's suit. Adding the State as a defendant would result in its dismissal for the same reasons that the court is granting dismissal as to the City of Clovis and would be an exercise in futility. Accordingly, plaintiff's request for leave to amend to add the State of California as a defendant is denied.

## CONCLUSION

For the reasons discussed above:

1. Defendant City of Clovis's motion to dismiss (Doc. No. 8) is granted with prejudice;
2. Defendants CUSD, Bolls, and Hank's motion to dismiss (Doc. No. 9) is granted in part:
    a. Plaintiff's state law claims are dismissed for failure to comply with California's Government Claims Act;
    b. Plaintiff's Fifth Amendment claim is dismissed for failure to state a claim;
    c. Plaintiff's request for punitive damages is dismissed with prejudice;
3. Plaintiff's request to add the State of California as a defendant is denied;
4. Plaintiff is granted leave to amend for the purpose of curing the deficiencies in his complaint; and
5. Any amended complaint shall be filed within 30 days from the date of service of this order.

IT IS SO ORDERED.

Dated: **November 15, 2019**

UNITED STATES DISTRICT JUDGE